```
 1  RAYMOND H. AVER - State Bar No. 109577
    LAW OFFICES OF RAYMOND H. AVER
 2  A Professional Corporation
    12424 Wilshire Boulevard, Suite 720
 3  Los Angeles, California  90025
    Telephone: (310) 571-3511
 4  Facsimile: (310) 571-3512

 5  Bankruptcy Litigation Counsel for
    ROBERT JOEL HERRERA
 6

 7

 8                  UNITED STATES BANKRUPTCY COURT

 9          CENTRAL DISTRICT OF CALIFORNIA [RIVERSIDE DIVISION]

10

11  In re:                      )  Case No. RS 09-34504 MJ
                                )
12  ROBERT JOEL HERRERA,        )  In Proceedings Under
                                )  Chapter 7
13                              )
                                )
14          Debtor.             )  Adv. No. AD 10-01138 MJ
                                )
15  _____)  NOTICE OF MOTION AND MOTION TO
                                )  STRIKE PLAINTIFF'S REQUEST FOR
16  DEIRDRE O'SHEA,             )  JURY TRIAL AND ATTORNEYS FEES;
                                )  MEMORANDUM OF POINTS AND
17          Plaintiff,          )  AUTHORITIES
                                )
18      v.                      )
                                )
19  ROBERT JOEL HERRERA,        )  Date:  June 3, 2010
                                )  Time:  10:00 a.m.
20          Defendant.          )  Place: Courtroom 301
                                )         3420 Twelfth Street
21  _____)         Riverside, California 92501
```

TO PLAINTIFF AND TO ITS COUNSEL OF RECORD, SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP:

   PLEASE TAKE NOTICE that on June 3, 2010, at 10:00 a.m., or as soon thereafter as the matter may be heard, in courtroom 301 of the United States Bankruptcy Court for the Central District of California [Riverside Division], located at 3420 Twelfth Street, Riverside, California, Robert Joel Herrera ("Herrera" or "Defendant"), the

defendant in the above-captioned adversary proceeding, by and through his bankruptcy litigation counsel, the Law Offices of Raymond H. Aver, A Professional Corporation, will move this Court for an order striking the jury demand and request for attorneys fees set forth in the "Complaint To Determine Dischargeability Of Debt And For Judgment" ("Dischargeability Complaint") filed by plaintiff Deirdre O'Shea ("Plaintiff") on March 22, 2010, *O'Shea v. Herrera*, Adversary Proceeding No. AD 10-01138 MJ.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-1(1)(g):

> [E]ach interested party opposing ... the motion shall file and serve not later than fourteen (14) days before the date designated for hearing ... [a] brief but complete written statement of all reasons in opposition thereto ... and an answering memorandum of points and authorities, declarations and copies of all photographs and documentary evidence on which the responding party intends to rely.

Pursuant to Local Bankruptcy Rule 9013-1(1)(k):

> Papers not timely filed and served may be deemed by the Court to be consent to the granting or denial of the motion, as the case may be.

\\\

\\\

WHEREFORE, it is respectfully requested that the Court issue an order striking Plaintiff's demand for a jury trial and request for attorneys fees, and for such other and further relief as is just and proper.

Dated: May 5, 2010

LAW OFFICES OF RAYMOND H. AVER
A Professional Corporation

By: _____
RAYMOND H. AVER
Bankruptcy Litigation Counsel for
ROBERT JOEL HERRERA

MEMORANDUM OF POINTS AND AUTHORITIES

I.

INTRODUCTION

The "Complaint To Determine Dischargeability Of Debt And For Judgment" ("Dischargeability Complaint"), contains the following demand, "Plaintiff Deirdre O'Shea respectfully demands, and hereby consents to, a jury trial." [Dischargeability Complaint, p. 10, lines 1-2]  However, it is well-settled that there is no right to a jury trial in a dischargeability adversary proceeding.  Therefore, as a matter of law, Plaintiff's demand for a jury trial should be stricken.

Further, by the Dischargeability Complaint, Plaintiff requests that Plaintiff be granted her attorneys fees incurred pre-petition while litigating the pre-petition lawsuit against Defendant and in the instant nondischargeability action.  However, Plaintiff fails to plead under what authority she is entitled to recover her attorneys fees and costs.

Therefore, Defendant respectfully requests that this Court strike Plaintiff's demand for a jury trial and request for attorneys fees.

II.

LEGAL ANALYSIS

A.  Standard On Motion To Strike

Pursuant to Federal Rule Of Civil Procedure 12(f) the Court may strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise

from litigating spurious issues by dispensing with those issues prior to trial. [*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)]

An "immaterial" matter is that which has no essential or important relationship to the claim for relief or the **defenses** being pleaded. [*Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535 (1994)] An "impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question. [*Id.*] Superfluous historical allegations are a proper subject of a motion to strike. [*Id.*]

B.   Plaintiff Is Not Entitled To A Jury Trial

The Seventh Amendment preserves the right to a jury trial in "suits at common law." The Supreme Court has established a three-part analysis for determining whether a right to a jury trial attaches in a bankruptcy case:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second stage of this analysis is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder.

[*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42, 109 S.Ct. 2782, 2790 (1989)(citations and quotations omitted)]

A bankruptcy discharge and questions concerning the dischargeability of certain debts, "involve issues with an equitable history and for which there was no entitlement to a jury trial in the

*MOTION TO STRIKE PLAINTIFF'S JURY DEMAND AND REQUEST FOR ATTORNEYS FEES*
Page 5

Law Offices
of Raymond
H. Aver, APC

courts of England prior to the merger of law and equity." [*Schierber v. Hooper* (*In re Hooper*), 112 B.R. 1009, 1012 (9th Cir. BAP 1990)] Further, "[i]ssues surrounding a debtor's discharge and the dischargeability of certain debts are inextricably bound to and arise only in connection with bankruptcy relief because such issues concern whether the debtor will be granted the protection and benefits of bankruptcy." [*Id.*]

A dischargeability issue is equitable in nature. [*Schierber v. Hooper* (*In re Hooper*), 112 B.R. 1009, 1012 (9th Cir. BAP 1990)] The ultimate relief sought is a determination that the creditor of a particular debt is not bound by the injunctive effects of a discharge under section 524(a). [*Id.*]

Further, there is no right to jury trial on the underlying issues of liability and damages. [*Locke v. United States Trustee* (*In re Locke*), 205 B.R. 592, 600 (9th Cir. BAP 1996)] There is no meaningful distinction between the determination of liability of liability and damages for the purposes of dischargeability. [*Id.*]

Moreover, even if the remedy sought is actually legal in nature, Plaintiff lost any potential right to a jury trial when she subjected herself to the jurisdiction of the bankruptcy court. [*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42, 109 S.Ct. 2782, 2790 (1989) ("creditors by presenting their claims subject themselves to all the consequences that attach to an appearance")] Moreover, creditors who initiated an adversary proceeding and creditors who filed a proof of claim both have equally subjected themselves to the jurisdiction of the bankruptcy court. [*Siemens Components, Inc. v. Choi* (*In re Choi*), 135 B.R. 649, 652 (Bankr. N.D. Cal. 1991)("a creditor which invokes the bankruptcy court's jurisdiction seeking a declaration that a debt

is nondischargeable has no stronger right to a jury trial than a creditor which files a claim.")]

Therefore, it is well-settled that there is no right to a trial by jury in a dischargeability proceeding. [*Hickman v. Hana* (*In re Hickman*), 384 B.R. 832, 836 (9th Cir. BAP 2008); *Locke v. United States Trustee* (*In re Locke*), 205 B.R. 592, 600 (9th Cir. BAP 1996); *American Express Travel Related Serv. Co Inc. v. Hashemi* (*In re Hashemi*), 104 F.3d 1122, 1124 (9th Cir. 1996); *Siemens Components, Inc. v. Choi* (*In re Choi*), 135 B.R. 649, 652 (Bankr. N.D. Cal. 1991)]

C.  <u>Plaintiff Has Not Pled A Right To Attorneys Fees</u>

The Bankruptcy Code does not provide a general right to attorneys fees. [*Heritage Ford v. Baroff* (*In re Baroff*), 105 F.3d 439, 441 (9th Cir. 1997)] However, a prevailing party in bankruptcy litigation may be entitled to an award of attorney fees under nonbankruptcy law, such as a contractual provision authorized by state law. [See *Merced Prod. Credit Ass'n v. Sparkman* (*In re Sparkman*), 703 F.2d 1097, 1099 (9th Cir. 1993)]

While the Dischargeability Complaint does allege a "Branch Agreement" between Plaintiff and Belvidere Networking Enterprises ("BNE"), there is no allegation that Defendant signed the Branch Agreement. Nor is there any allegation supporting a claim that Defendant entered into any contracts with Plaintiff, nevermind entered into a contract with a provision for the recovery of attorneys fees.

Therefore, Plaintiff's request for attorneys fees should be stricken as a matter of law.

II.

CONCLUSION

Plaintiff's demand for a trial by jury in the above-entitled adversary proceeding should be stricken because there is no right to a jury trial in a dischargeability action, and Plaintiff's request for attorneys fees should be stricken because the Dischargeability Complaint fails to allege any legal basis for recovery of attorneys fees.

Dated: May 5, 2010         LAW OFFICES OF RAYMOND H. AVER
                           A Professional Corporation


                           By: _____
                               RAYMOND H. AVER
                               Bankruptcy Litigation Counsel for
                               Defendant, ROBERT JOEL HERRERA

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 12424 Wilshire Boulevard, Suite 720, Los Angeles, California 90025

The foregoing document described **NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S REQUEST FOR JURY TRIAL AND ATTORNEYS FEES; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 5, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

_X_   Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On **May 5, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

_X_   Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 5, 2010**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

__   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 5, 2010 | Trevor Hunter | /s/ |
|---|---|---|
| Date | Type Name | Signature |

## SERVICE LIST

<u>Via NEF</u>
Aaron J Malo    amalo@sheppardmullin.com
Michael N Nicastro    courtfiling@np-attorneys.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Robert Whitmore    rswtrustee@yahoo.com, rwhitmore@ecf.epiqsystems.com

<u>Via U.S. Mail</u>
Aaron J. Malo, Esquire
Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993

United States Bankruptcy Court (Riverside Division)
Honorable Meredith Jury
3420 Twelfth Street, Suite 345
Riverside, California 92501-3819